## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Kennetra Toogood, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br><br><br><br><br>     -v.-<br><br>Jefferson Capital Systems, LLC,<br><br>          Defendant(s). | C.A. No:    3:22CV-551-CHB<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Kennetra Toogood (hereinafter "Plaintiff" or "Toogood") brings this Class Action Complaint by and through her attorneys, against the Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant" or " Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Kentucky consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Kentucky, County of Jefferson.

8.      Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 16 McLeland Road, St. Cloud,

Minnesota 56303 and can be served process upon its registered agent, Corporation Service Company at 421 West Main Street, Frankfort, Kentucky 40601.

9.      Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.   all individuals with addresses in the State of Kentucky;

    b.   to whom the Defendant Jefferson sent a collection letter attempting to collect a consumer debt;

    c.   containing discounted offer(s) that failed to advise whether the benefits of paying in full would be the same for the discounted offer(s);

    d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and/or 1692f.

15.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

     a.  **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

     b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and/or 1692f.

     c.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to February 18, 2022, an obligation was allegedly incurred to "PAYPAL" (hereinafter "PayPal").

21.     The PayPal obligation arose out of transactions in which money, property, insurance, or services, that are the subject of the transaction(s), were incurred primarily for personal, family, or household purposes.

22.     The alleged PayPal obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.     PayPal is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.     Upon information and belief, Defendant Jefferson purchased the allegedly defaulted debt and is carrying out the collection of same. Therefore, Defendant Jefferson is a debt collector as defined by 15 U.S.C. § 1692a(6).

25.     Defendant Jefferson collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – February 18, 2022 Collection Letter*

26.     On or about February 18, 2022, Defendant Jefferson sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Jefferson. A true and correct copy of the Letter is attached hereto as Exhibit A.

27.     The Letter provides a total "Amount of the Debt" of $60.56.

28.     The Letter then states:

"Paying your outstanding balance can seem stressful. We have a payment offer that allows you to settle your PAYPAL ACCOUNT account.

You can resolve this account with 3 monthly payments of $15.14 which represents approximately a 25% savings.

…

We will request the credit bureaus delete the Jefferson Capital, LLC tradeline approximately 30 days after the final payment has been posted that resolves the account as paid in full."

29.     The Letter is deceptive because it implies that, in exchange for remitting payment for only a portion of the balance, the consumer will achieve a settlement that will have the same effect and result as paying the balance in full.

30.     The Letter states that the tradeline will be deleted approximately 30 days after "the final payment has been posted that *resolves the account as paid in full*." (emphasis supplied).

31.     This statement is unclear if you must pay the full amount of the debt in order to have the tradeline deleted or in the alternative payment of the settlement amount offered would also achieve tradeline deletion.

32.     Plaintiff was confused and misled by the offer, including what the full benefits of the offer would include, and as a result, did not accept the offer.

33.     The Letter fails to advise whether the offer for tradeline removal is only an incentive for paying the full amount of the debt or whether the same is being offered as part of the discounted settlement offer, which was the sole purpose of the Letter.

34.     Therefore, the consumer is left confused and misled as to which option to choose; on the one hand the discounted amount saves her money, but on the other hand, the full payment option must have some benefit or else it would not even be a consideration.

35.     Nonetheless, Defendant's Letter fails to advise if the benefit of tradeline deletion is included in the discounted settlement offer, making the Letter illogical and leaving the consumer wondering if there is a "catch" or if this is a real offer.

36.     The Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

37.     Defendant's Letter is false, deceptive, unfair, and/or misleading.

38.     Plaintiff was concerned and confused by the Letter.

39.     Plaintiff was therefore unable to evaluate her options of how to handle this debt.

40.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

41.     Plaintiff obviously wanted the tradeline deleted, but was unsure if accepting the settlement offer would achieve this result.

42.     Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

43.     Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning the Letter.

44.     Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the Letter.

45.     Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the Letter.

46.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47.     The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

48.     As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

49.     For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

50.     These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

51.     Defendant Jefferson's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52.     Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this alleged debt.

53.     Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

54.     Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

55.     But for the Defendant's violations of the FDCPA, and the resulting confusion, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

56.     As a result of the Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

57.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

58.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60.     Defendant violated said section by:

   a.   Issuing a Letter that is open to more than one reasonable interpretation, at least one of which is accurate; and

   b.   Making a false and misleading representation in violation of §1692e (10).

61.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f
### *et seq.*

62.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

63.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65.     Defendant violated this section by omitting material information that gave the Plaintiff a false understanding of the offer(s) in the Letter.

66.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kennetra Toogood, individually and on behalf of all others similarly situated, demands judgment from the Defendant Jefferson Capital Systems, LLC, as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq., as Class Counsel;

2.      Awarding the Plaintiff and the Class statutory damages;

3.      Awarding the Plaintiff and the Class actual damages;

4.      Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

11

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding the Plaintiff and the Class such other and further relief as this Court may

deem just and proper.

Dated: October 13, 2022                    Respectfully Submitted,


**STEIN SAKS, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel: (201) 282-6500 ext. 101
Fax: (201) 282-6501
ysaks@steinsakslegal.com
***Pro Hac Vice application to be filed***
*Attorneys for Plaintiff Kennetra Toogood*